## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BURL V. MUSGROVE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 13-0104-WS-C** |
| | ) |
| **KELLOGG BROWN AND ROOT, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand.  (Doc. 15).  The interested parties have filed briefs in support of their respective positions, (Docs. 21, 22), and the motion is ripe for resolution.  After careful consideration of the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

## BACKGROUND

This case began as a straightforward action for recovery of worker's compensation benefits from defendant Kellogg Brown and Root, LLC ("KBR").  (Doc. 15 at 2).  Some eight months later, the plaintiff filed an amended complaint adding as defendants Ace American Insurance Company ("Ace"); ESIS, Inc. ("ESIS"); Chris Peters and Kevin Byrd, as well as various fictitious defendants.  (Doc. 1, Exhibit A).  The amended complaint adds a claim for retaliatory discharge against KBR and claims for outrage, conspiracy, fraud and abuse of process against all defendants.  (*Id*.).  The general drift of the tort claims is that the defendants falsely told the plaintiff his injury was not compensable under the workers' compensation statutes and that they denied him medical treatment and disability benefits due him under those statutes, in order to defraud him of such

treatment and benefits and/or to coerce him to settle his workers' compensation claim for less than its value. The complaint demands "compensatory and punitive damages as a jury deems reasonable." (*Id*. at 8, 10-12).

Ace and ESIS removed on the basis of diversity. The plaintiff timely moved to remand, ultimately restricting his motion to two grounds: (1) the non-removal provision of Section 1445(c); and (2) and the defendants' failure to establish that the amount in controversy exceeds the jurisdictional threshold. (Doc. 22 at 6).[1]


## DISCUSSION

As the parties agree, "[a] removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted).


## I. Section 1445(c).

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The parties agree that the worker's compensation count and the retaliatory discharge count – causes of action created by Alabama's workers' compensation statute – fall within this proscription. *See*

---

[1] The motion to remand asserts in a single, introductory sentence that "[r]emoval is improper because all of the Defendants have not consented to the removal …." (Doc. 15 at 2). Because the plaintiff presented no argument in support of this ground, and because he later explicitly limited his motion to other grounds, his unanimity argument is waived. *See, e.g., Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005) ("[A] passing reference to an issue in a brief [is] insufficient to properly raise that issue.").

In a single, one-sentence footnote, the motion to remand argues without explanation that the defendants have failed to show the existence of complete diversity. (Doc. 15 at 13 n.1). As this raises a jurisdictional objection, it presumably cannot be waived by the plaintiff's failure to support it. However, the defendants have in fact demonstrated the existence of complete diversity. (Doc. 1 at 3-4; Doc. 11 at 2; Doc. 19).

*Reed v. Heil C*o., 206 F.3d 1055, 1060 (11th Cir. 2000) (retaliatory discharge claim under Ala. Code § 25-5-11.1 arises under Alabama's workers' compensation laws for purposes of Section 1445(c)).

The plaintiff, however, goes further, insisting without elaboration that each of his tort claims "arises from … violations of the Workers' Compensation Acts of Alabama."  (Doc. 15 at 4).  Because the plaintiff argues that his claims arise *from violations of* the workers' compensation laws, the Court concludes that he makes no argument these claims arise *under* those laws, as Section 1445(c) requires. Were he to make such an argument, it would fail.  *E.g., Patin v. Allied Signal, Inc*., 77 F.3d 782, 790 (5th Cir. 1996) ("We hold, however, that the breach of the duty of good faith and fair dealing by a carrier of workers' compensation insurance is an independent tort created by – and thus 'arising under' – the common law …."); *Raye v. Employer's Insurance*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004) ("[S]tate causes of action that are creatures of the common law do not 'arise under' the worker's compensation laws.").[2]

The plaintiff's primary argument is that, as long as a lawsuit contains at least one claim captured by Section 1445(c), that statute precludes removal of the action and requires remand of the entire action.  (Doc. 15 at 6-7).  He appears to believe that *Reed* supports his position, but it does not.  On the contrary, and as this Court has recently explained after careful discussion, "*Reed* holds that, when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims." *Lamar v. Home Depot*, ___ F. Supp. 2d ___, 2012 WL 6026272 at *3 (S.D. Ala. 2012).  The plaintiff protests that the language of Section 1445(c) unambiguously precludes the result reached in *Reed*, (Doc. 22 at 2-3), but he explains neither how

---

[2] The plaintiff asserts similarly that each of his tort claims "directly relates to violations" of the workers' compensation laws.  (Doc. 15 at 4).  Section 1445(c) is not triggered by such a loose connection.  *Patin*, 77 F.3d at 789.

it does so nor how this Court could refuse to apply a binding Eleventh Circuit decision.

Finally, the plaintiff suggests that remand of the entire action should be ordered in the interests of efficiency and comity. (Doc. 15 at 7). As noted in *Lamar*, however, Eleventh Circuit precedent makes plain that "[w]hen … a claim has been properly removed and is not subject to remand under the governing statutes, it cannot be remanded on the grounds that judicial economy will be served thereby." 2012 WL 6026272 at *5.

## II. Amount in Controversy.

### A. Procedural Vehicle.

Removal often will be based on the original complaint. 28 U.S.C. § 1446(b)(1). Otherwise:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. § 1446(b)(3). The initial pleading in this case consisted only of a non-removable workers' compensation claim. The parties assume that removal thus must be accomplished, if at all, under subsection (b)(3), and the Court indulges that assumption.

### B. Evidence Considered.

Until a recent statutory re-organization, Section 1446(b)(3) was known as the "second paragraph" of Section 1446(b). *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 757 (11th Cir. 2010). "Although the second paragraph of § 1446(b) offers an additional avenue for removal, that road is not an easy one for defendants to travel." *Id*. at 760. In particular, in *Lowery v. Alabama Power Co*., 483 F.3d

1184 (11th Cir. 2007), "[w]e held that [the defendant's] evidence [regarding the amount in controversy] could not be considered because it was not a document received from the plaintiffs." *Pretka*, 608 F.3d at 756.[3]  *Lowery*'s "'receipt from the plaintiff' rule is based on the second paragraph of § 1446(b)," *id.* at 760, and in second paragraph cases, this portion of *Lowery* apparently controls.[4]  Since the defendants articulate no argument to the contrary, the Court will assume for present purposes that this is the case.

The plaintiff, invoking *Lowery*, insists that "the factual information establishing the jurisdictional amount must come from" him.  (Doc. 15 at 8-9). The defendants' primary sources are the following:  (1) the original complaint; (2) the amended complaint; (3) the plaintiff's deposition; and (4) medical bills.  (Doc. 1 at 6-8).  Complaints necessarily come from the plaintiff, a plaintiff's deposition transcript constitutes an "other paper" within Section 1446(b)(3),[5] and the medical bills were "received from plaintiff's attorney."  (*Id.* at 7).  The plaintiff fails to

---

[3] The *Pretka* Court cited the following passage in *Lowery* for this proposition: "The additional 'evidence' contained in the supplement likewise fails to support the defendants' contention that the district court had jurisdiction over this action [because] this evidence … was not received from the plaintiffs, but rather was gathered from outside sources.  As such, the evidence is not of the sort contemplated by § 1446(b)." 483 F.3d at 1220-21.

[4] *See Pretka*, 608 F.3d at 756 (describing this portion of *Lowery* as a holding); *see also id.* at 756, 760, 761, 762, 763, 767, 770 (repeatedly referring to "receipt from the plaintiff" as the "rule").

[5] The Court has previously so held, *Sudduth v. Equitable Life Assurance Society*, 2007 WL 2460758 at *1-3 (S.D. Ala. 2007), as has every appellate court known to have addressed the issue.  *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 886-87 (9th Cir. 2010);  *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 465-66 (6th Cir. 2002); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *see also Lowery*, 483 F.3d at 1212 n.62 (noting that the Fifth Circuit has so held); 28 U.S.C. § 1446(c)(3)(A) (when the initial pleading is not removable solely because of the amount in controversy, state court responses to discovery "shall be treated as an 'other paper' under subsection (b)(3)").  At any rate, the only information the defendants glean from the plaintiff's deposition – the dates of the plaintiff's injury and return to work – is also included in the amended complaint.  (Doc. 1, Exhibit A at 3, 5).

explain how any of this information could be considered not to have come from him, and the Court will not devise arguments on his behalf.[6]

The defendants also rely on a statutory formula for calculating unpaid worker's compensation benefits. (Doc. 1 at 7-8). This formula did not come from the plaintiff, but "[a] defendant would be free to introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff. In such situations, the underlying substantive law provides a rule that allows the court to determine the amount of damages." *Lowery*, 483 F.3d at 1214 n.66. A statutory formula for damages plainly falls within this exception to the "receipt from the plaintiff" rule.

Finally, the defendants rely on a few Alabama appellate cases upholding awards in outrage cases above or near the $75,000 jurisdictional threshold. (Doc. 1 at 13; Doc. 21 at 6-7). Here, the plaintiff has the upper hand; the *Lowery* Court expressly rejected the use of results in other cases as evidence of the amount in controversy in second paragraph removals, precisely because such information does not come from the plaintiff. 483 F.3d at 1189, 1220-21. Accordingly, the Court will not consider those cases.[7]

### C. Evidentiary Standard.

"We have held that, in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208. The *Lowery* Court challenged the derivation of this rule but acknowledged that "[w]e are bound to

---

[6] Because the "receipt from the plaintiff" rule is procedural, not jurisdictional, *Pretka*, 608 F.3d at 756, any arguments concerning it are waivable.

[7] The defendants believe that *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943), trumps *Lowery* and permits the Court to consider the results of other cases. (Doc. 1 at 8-10). But *Bell* involved an original action in which the plaintiff explicitly demanded more than the jurisdictional threshold, and the question was whether, to a legal certainty, he could not recover that threshold amount. *Id*. at 240. *Bell* says nothing about evaluating the amount in controversy when, as here, there is an indeterminate demand.

adhere to circuit precedent." *Id*. at 1210.  Nevertheless, the *Lowery* Court insisted that removal is permissible only if the evidence "unambiguously establish[es] federal jurisdiction." *Id*. at 1213; *see also id*. at 1213 n.63, 1218 (removal is proper only if the documents presented by the defendant contain "an unambiguous statement that clearly establishes federal jurisdiction").

This Court has questioned the *Lowery* Court's authority to require unambiguous proof of the amount in controversy.[8]  More recently, Congress has expressly imposed a "preponderance of the evidence" standard for determining the amount in controversy.  28 U.S.C. § 1446(c)(2)(B).  This standard applies to second paragraph removals.  *See id*. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a)," and other requirements are met, the preponderance standard applies); *see also* H.R. Rep. 112-10, 2011 U.S.C.C.A.N. 576, 2011 WL 484052 at *16 (2011) (if removal is accomplished under Section 1446(b)(3) – the former "second paragraph" provision – "[t]he district court must still find by a preponderance of the evidence that the jurisdictional threshold has been met").[9]  As the plaintiff has not requested

---

[8] *SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1250 & n.2 (S.D. Ala. 2010) (noting that the prior-panel-precedent rule would appear to preclude imposition of a standard more rigid than preponderance of the evidence, even in the second paragraph context).

[9] The preponderance-of-the-evidence standard is jurisdictional.  *Pretka*, 608 F.3d at 751-52.  At least one Court has attempted to harmonize *Lowery* by construing its unambiguously-establish standard as a separate, procedural requirement grounded in Section 1446 (which is styled, "Procedure for removal of civil actions"), and specifically Section 1446(b)(3).  *See Exum v. State Farm Fire & Casualty Co.*, 821 F. Supp. 2d 1285, 1292-93 (M.D. Ala. 2011).  Since the statutory preponderance-of-the-evidence standard also resides in Section 1446 and applies to removals under Section 1446(b)(3), it presumably trumps *Lowery* even if the unambiguously-establish standard is viewed as procedural.

the Court to apply *Lowery*'s higher standard,[10] the Court utilizes the familiar preponderance standard.

### D.  Proof of the Amount in Controversy.

A court may find the jurisdictional threshold satisfied based on "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka*, 608 F.3d at 754.  Among the tools a court may employ are "judicial experience and common sense." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).  But, "[i]f that evidence [as assessed per *Pretka* and *Roe*] is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214.

Each tort count of the amended complaint identifies the following elements of the plaintiff's damages:  (1) emotional distress; (2) pain and suffering; (3) past and future medical bills; (4) loss of income; (5) the inability of his wife to obtain necessary medical treatment; and (6) punitive damages.  (Doc. 1, Exhibit A at 8-11).

The defendants first attempt to assign hard values to the plaintiff's demand for medical expenses and lost income.  As to the former, the defendants point to medical bills received from plaintiff's counsel, which they say total $18,610.57.  As to the latter, the defendants point to the allegation of the amended complaint and the plaintiff's deposition that he was out of work from April 10 to October 15; the allegation of the original complaint that the plaintiff's average weekly wage was $960; and a statutory formula for converting this information into lost wages for temporary total disability under the worker's compensation regime, which they calculate as $18,569.28.  (Doc. 1 at 7-8).

---

[10] On the contrary, the plaintiff has identified the proper standard as preponderance of the evidence.  (Doc. 15 at 7-8).

There is one big problem with the defendants' position.  While they assert in brief that the plaintiff's medical bills total a certain amount and that his average weekly wage was a certain amount, they have presented no evidence to establish these figures.  The defendants state the medical bills are attached as an exhibit to the notice of removal, (Doc. 1 at 7), but they are not.  (*Id.*, Exhibit B).[11]  And while they attached the amended complaint to their notice of removal, they did not attach the original complaint, on which they rely to establish the plaintiff's average weekly wage.[12]  Because the defendants have presented *no* evidence of the plaintiff's medical bills or lost income, they necessarily have failed to establish by a preponderance of the evidence their contention that these items of damage place over $37,000 in controversy.

The defendants next argue that the remaining elements of damage – future medical bills, pain and suffering, emotional distress and punitive damages – combine to place more than $38,000 in controversy.  (Doc. 1 at 8-13; Doc. 21 at 5-8).[13]  The explicit and indispensable premise of the defendants' argument is that

---

[11] Exhibit B consists of a single paragraph of text indicating there are medical records from three providers.  Neither the records nor the bills are attached.  Instead, Exhibit B states that "[t]hese medical records are being retained by the undersigned counsel due to HIPAA which restricts the dissemination of medical records.  These medical records will be filed under seal to this Court and to opposing counsel once this case has been assigned to a particular Judge."  This has never occurred.

[12] The Court pointed out to the defendants over a month ago that they had neglected to submit these documents, (Doc. 11 at 2 n.1), yet they have never supplemented their submission in support of removal.

[13] The defendants in their principal brief did not attempt to assign value to the wife's inability to obtain medical treatment, which is probably appropriate given the lack of indication that the plaintiff could legally recover for his wife's losses.  In their reply brief, the defendants for the first time suggest that this element of claimed damage should be considered, although it is unclear why they think so.  (Doc. 21 at 5).  As this Court has often observed, and often enforced, arguments first raised in reply will not be considered absent an excellent reason advanced by the movant for doing so.  *E.g., Gould v. Transamerica Life Insurance Co.*, 2013 WL 68873 at *4 & n.10 (S.D. Ala. 2013) (articulating the rule, demonstrating its ubiquity, and explaining the underlying rationale).

the plaintiff's hard damages exceed $37,000, such that less than $38,000 in other damages need be in controversy.  Since that premise has collapsed, so does the defendants' argument.  *See, e.g., Nolen v. JP Morgan Chase Bank, NA*, 2012 WL 4378200 at *5 (M.D. Ala. 2012) ("[B]ased upon the absence of evidence estimating the amount of [hard damages], there was an insufficient foundation from which to affix a value to the mental anguish and/or punitive damages requests …."); *see also Mustafa v. Market Street Mortgage Corp*., 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012) (where hard damages were under $20,000, a demand for emotional distress and punitive damages did not make up the difference because "the Court has no way to make a non-speculative estimate as to their value").

The defendants invite the Court to use its judicial experience and common sense to conclude that the amount in controversy exceeds $75,000, but even this exhortation is premised on hard damages exceeding $37,000.  (Doc. 21 at 7-8). "Not having been provided any estimate as to compensatory damages, the Court is ill-equipped to speculate as to any punitive damages award that a jury may award."  *Dean v. BAC Home Loans Servicing, LP*, 2012 WL 353766 at *6 (M.D. Ala. 2012) (rejecting the contention that judicial experience and common sense were sufficient to fill the gap); s*ee also Koester v. State Farm Insurance Co*., 2012 WL 5265783 at *6 (N.D. Ala. 2012) (where hard damages were under $13,000,

---

The defendants have advanced no such reason, and the Court thus will not address their tardy argument.

The defendants have timely attempted to throw into the mix the plaintiff's demand for future lost income.  (Doc. 1 at 8).  But that demand is explicitly limited to the retaliatory discharge claim, (Doc. 1, Exhibit A at 9), which, as discussed in Part I, is non-removable under Section 1445(c).  The defendants have not explained how such a demand can be considered in assessing the amount in controversy.  Nor have they offered an estimate of future lost income, much less supported such a figure in any manner, speculative or otherwise.

judicial experience and common sense did not suffice to show that a demand for emotional distress and punitive damages placed over $62,000 in controversy).[14]

## CONCLUSION

For the reasons set forth above, the motion to remand is **granted**.  This action is **remanded** to the Circuit Court of Washington County.


DONE and ORDERED this 29th day of April, 2013.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[14] The defendants have not argued that judicial experience and common sense make it obvious that the plaintiff's medical bills and lost income must exceed $37,000, nor could they successfully do so.  Without actual evidence of these elements of damage, their magnitude is necessarily speculative.  Nothing in the amended complaint hints at the plaintiff's wages, and it mentions no medical treatment other than two office visits shortly after the injury.  (Doc. 1, Exhibit A at 4).  Nor does the vague allegation of "injuries to [the plaintiff's] right leg and foot," (*id*.), suggest substantial medical expenses.